Betty Levy v. Commissioner.
Levy v. Commissioner
Docket No. 77862.
United States Tax Court
T.C. Memo 1961-74; 1961 Tax Ct. Memo LEXIS 274; 20 T.C.M. (CCH) 357; T.C.M. (RIA) 61074; March 17, 1961
*274 Murray M. Weinstein, Esq., 111 Broadway, New York, N. Y., for the petitioner. Gerald J. Robinson, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a transferee liability against the petitioner in the amount of $24,000 for income tax and additions to tax due and owing by her husband Louis Levy for the years 1945, 1946, and 1947 in an amount in excess of $42,000. The only question for decision is whether petitioner is liable as a transferee in any amount not exceeding $24,000. Findings of Fact Some of the facts are stipulated, are so found, and the stipulated facts together with the pertinent exhibits are included herein by this reference. Betty Levy has been the wife of Louis Levy continuously since 1928. There is a tax liability, plus interest, due from the aforesaid Louis Levy as follows: Addition to Tax
Sec. 293(b),
Year
Deficiency
I.R.C. 1939
1945
$20,513.48
$10,256.74
1946
3,758.27
1,879.14
1947
4,290.50
2,145.25
$28,562.25
$14,281.13 Of the above taxes, penalties and interest there is still due and owing an amount in excess of $42,000, *275 except that an amount of approximately $3,000 to $5,000 has been paid by Louis Levy. All reasonable efforts on or after November 14, 1957 have been made to collect said tax liability and penalties. A decision was entered against Louis Levy for the said tax liability pursuant to a stipulation filed in Docket No. 56707 of the Tax Court of the United States on November 14, 1957. On or about July 2, 1947, Louis purchased a house in Woodmere, Long Island, New York in petitioner's name. Part of the purchase price was paid by cash or check to the extent of $24,000. The record does not establish who furnished the $24,000, whether petitioner's money was used or whether Louis's money was used. Ultimate Conclusion The Commissioner has not carried his burden of proving that petitioner is liable at law or in equity as a transferee of assets of her husband for unpaid income tax and additions to tax owed by her husband. Opinion Both parties agree that the burden of proving transferee liability rests on the Commissioner. At best, the record is inconclusive on the question of whether or not the alleged transferee received any assets belonging to her husband either in connection with *276 the purchase of the house in Woodmere referred to in our findings of fact or as the result of that purchase. In the main the record consists of the testimony of petitioner and her husband, both called by the Commissioner. Their stories concerning the transaction in question and their respective assets during the years involved are confusing, conflicting, and equivocal. This testimony falls far short of aiding the Commissioner in carrying his burden of showing that the money used in purchasing the house was transferred by Louis to Betty. As far as the record goes, the money could just as well have been accumulated by Betty over the years prior to the house purchase, and prior to the years for which Louis owed unpaid taxes and penalties. Even if we were to say that the testimony of these witnesses is unworthy of belief, we do not see how that can help the Commissioner. Without the unreliable testimony of the petitioner and her husband there is little evidence left in the record which is material to the issue. There is in evidence a "Comparative Statement of Louis Levy" furnished by him in connection with an investigation of his income tax liability which purports to be a sworn account *277 of his assets and liabilities including also those of his wife. The petitioner did not sign the statement and it does not bind her. She did testify as to some of the items appearing on the statement as being her own assets. However, even taking her testimony and that of her husband with reference to the statement, together with the statement itself, we still are unable to conclude that the money used to purchase the house was Louis's money and that he transferred it to Betty for that purpose. We hold that the Commissioner has failed to carry his burden of proof. Decision will be entered for the petitioner.